Peck, J.,
delivered the opinion of the Court.
The petitioner represents that in the month of September, 1861, he received an order from one McKinstry, chief quartermaster at the city of St. Louis, in the State of Missouri, as follows : “You are authorized to purchase for a regiment of cavalry, to be called the McKinstry Guard, to be raised in Central Illinois, eleven hundred and fifty-eight horses, at prices not to exceed $110 each. They must be rigidly inspected by a board appointed by the colonel of the regiment previous to being received. To be delivered at Peoria, Illinois.”
That he purchased the horses at the price named, and they were delivered to and accepted by the proper officers, for which he received from the quartermaster of the regiment vouchers amounting in all to the sum of $127,380. That these vouchers were afterwards submitted to a commission held at St. Louis, appointed by the then commander of that military district, and presided over by the then Captain (now Major General) Philip Sheridan, which commission approved the vouchers, as did also the chief quartermaster of the military department at the time, who was General R. Allen.
*358 The prices charged for the horses, it is alleged, were reasonable, and were not above their general market value. These vouchers were transferred by petitioner to Messrs. Sturgis & Son, of Chicago, for collection, who presented them for payment at the office of the Quartermaster General, at Washington, and received thereon $105 per horse, making the sum of $121,590. That a deduction was made from the face of the vouchers without any just cause, pretence of fraud, or authority. By reason of which, petitioner claims that he has a right to recover the sum of $5,790, the amount deducted and withheld.
The allegations of the petition are sustained by the evidence. The case, as presented, shows that the horses were purchased and accepted by the government. It is also shown that they were equal to the required standard.
On the 13th of March, 1862, the Quartermaster General (M. C. Meigs) addressed the following letter to the Third Auditor: “The account of Joseph W. Parish (five enclosures) for 1,158 horses furnished the McKinstry Guard, and amounting to $114,180, having been examined and recommended for payment by the military commission at St. Louis, is respectfully referred to you for settlement in certificates of indebtedness.” On the 22d of the same month General Meigs also wrote to the same officer as follows: “I respectfully transmit herewith five accounts, in duplicate, in favor of J. W. Parish for 1,158 horses furnished the McKinstry Guard, (11th Illinois cavalry,) at $110 each. The accounts are approved, and payment in certificates of indebtedness is recommended.” On the 5th of April following, Quartermaster General Meigs again wrote to the Third Auditor as follows :
“In transmitting, on the 22d of March last, with my approval, the five accounts in favor of Joseph W. Parish for 1,038 horses for the McKinstry Guards, at $110, I was governed by the action of a military commission approving those accounts, the authority under which the purchases were made, and the apparently reasonable price charged for the horses.
“ Since then, however, I have received the final report made by the Commission on War Claims, at St. Louis, a printed copy of which is herewith enclosed; wherein, on page 28, a special reference is made to Parish’s claim. On account of the developments made by this commission, I now desire to withdraw my approval of Parish’s account so far as the price charged is concerned, and recommend that said account be allowed to the extent of one hundred and five dollars 'for each horse, that being the price allowed in other cases by the Commission on Claims in the western department for cavalry horses, sub *359 ject, however, to a reclamation of five dollars on each horse (120) charged for at §110 in the account referred to and paid by Major Miller.”
Mr. A. L. Mhuriman for claimant.
Mr. J. J. Weed, Assistant Solicitor, for the government.
The latter communication caused the Auditor to withhold from claimant the sum he now seeks to recover. Do the facts stated justify the retaining of the five dollars on each horse? We think they do not. Parish had already submitted his claim and vouchers to one commission, which had given an approval. By it the price paid for the horses had not been pronounced unreasonable, nor was any exception taken as to their quality.
The subsequent report by another commission, (before which neither Parish nor his accounts appeared,) stating that §105 was a fair allowance for horses, does not authorize the government to deduct from the price it had agreed to pay Parish, since it nowhere appears that he had conducted himself in bad faith, or that the price he demanded was unreasonable. The special reference made to this claim by the second commission is not in this record, and we are not advised as to what it is.
There is abundant proof to show that the horses were purchased by Parish iu the expectation that he would receive the sum of §110 for them from the government, and that this was a fair and reasonable price.
The refusal to pay the full pri^e agreed upon is unauthorized, and does not seem to have any reason, but only caprice, for its foundation. Why the action of the second commission or its opinion is better or more to be trusted than that of the first, is not explained. The claimant submitted his vouchers to the commission presided over by General Sheridan, and they received its approval. It is not shown how or why they were considered by a second commission; nor was the claimant required by any law or reason that we know of to submit his vouchers to the gauntlet of all the commissions that might be devised for that or any other purpose; but, apart from all commissions of investigation, he may rely upon the rectitude of his conduct and his contract, exacting as much compliance as he gave, or upon the actual value of the property sold and delivered.
There is no imputation upon the fairness of the conduct of the claimant, and he should recover.
We direct a judgment in his favor for the sum of §5,790.